UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/09

Nº 02 Civ. 10243 (RJS)

---

JOHN FERGUSON,

                        Petitioner,

VERSUS

M. MCGINNIS,

                        Respondent.

---

ORDER ADOPTING REPORT AND RECOMMENDATION
September 29, 2009

---

RICHARD J. SULLIVAN, District Judge:

John Ferguson ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court are Petitioner's objections to the November 7, 2005 Report and Recommendation ("Report") of the Honorable Kevin Nathaniel Fox, Magistrate Judge, recommending the denial of the Petition. For the reasons set forth below, the Court concludes that Petitioner's objections are without merit and adopts Magistrate Judge Fox's thorough and well-reasoned Report in full.

I. BACKGROUND

On March 30, 1999, Petitioner was convicted in the Supreme Court of the State of New York, New York County, of two counts each of robbery in the first degree and attempted robbery in the first degree, and one count each of robbery in the second degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree. Petitioner was thereafter sentenced to a term of imprisonment of fifteen years. He is currently serving that term at Attica Correctional Facility in Attica, New York.

In a Decision and Order entered December 4, 2001, the Appellate Division, First Department, unanimously affirmed Petitioner's judgment of conviction. On December 19, 2001, Petitioner requested leave to appeal to the New York Court of Appeals and was denied.

On December 2, 2002, Petitioner filed a timely habeas corpus petition (the "Petition") asserting that (1) the trial court erred when it gave preliminary instructions to prospective jurors that described the elements of the charged crimes but did not caution the prospective jurors against deliberating on Petitioner's guilt prematurely; and (2) insufficient evidence was presented to the jury from which it could find Petitioner guilty beyond a reasonable doubt.[1] The Petition was referred to Magistrate Judge Fox, who issued his Report on November 7, 2005, recommending that the petition be denied. Magistrate Judge Fox gave the parties ten days to file objections to the Report and warned that the failure to file timely objections would constitute a waiver of those objections in both the District Court and on appeal to the United States Court of Appeals. Petitioner timely filed objections to Magistrate Judge Fox's Report.

II. DISCUSSION

A. Standard of Review

A federal court may grant habeas corpus relief only if a claim that was adjudicated on the merits in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate judges findings, the court must undertake a *de novo* review of the petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

However, where the objections are 'conclusory or general,' or where the petitioner 'simply reiterates his original arguments,' the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

Petitioner's objections do not address Magistrate Judge Fox's conclusions with specificity, but simply reiterate his prior

---

[1] This case was originally assigned to Judge Pauley, who referred it to Magistrate Judge Fox. It was then reassigned on November 7, 2003 to Judge Castel. On September 3, 2004, the case was again reassigned to Judge Karas, who finally reassigned the case to the undersigned on September 4, 2007.

2

arguments. Accordingly, the Court will review Petitioner's objections for clear error.[2]

B. Analysis

1. Improper Jury Instructions

Petitioner asserts that the trial court erred in providing preliminary instructions to the jurors that included the elements of the charges while failing to caution the jurors against prematurely deliberating on Petitioner's guilt. (Petitioner's Objections ("Pet.'s Obj.") at 2). The Appellate Division did not consider this claim on the merits. Rather, the court found that the claim was not preserved for appellate review pursuant to CPL § 470.05, New York's contemporaneous objection rule. Magistrate Judge Fox's Report concluded that Petitioner's claim concerning the trial court's preliminary instructions was therefore unreviewable, since it was procedurally barred under independent and adequate state law grounds. (Report at 9).

A federal court may not review a question of federal law decided by state courts if the state court's decision rested on a procedural state law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In most cases, a state procedural bar constitutes an adequate and independent state law ground that is sufficient to preclude federal habeas corpus review. However, "an 'exorbitant application of a generally sound rule' may affect the adequacy and independence of the state procedural

---

[2] Although the Court finds that Petitioner's objections are properly subject to a clear error standard of review, the Court would find the objections to be meritless under a *de novo* standard of review as well.

ground, and allow the United States district court to consider the merits of a constitutional claim." *Rosa v. Herbert*, 277 F. Supp. 2d 342, 351 (S.D.N.Y. 2003) (quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002)).

In this case, Petitioner's objections do not address the issue of the state procedural bar. Instead, Petitioner argues that providing the jury with instructions on the elements of the charges before summation constituted trial error on the merits. Accordingly, the Court finds that Magistrate Judge Fox properly applied the law in concluding that Petitioner's argument is procedurally barred.

Alternatively, even if the Court reviewed the case on the merits, it would conclude that Petitioner had failed to show that the state court finding was contrary to clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts. The trial court did not encourage premature deliberation. In fact, the state court's comments were only made to unsworn prospective jurors as part of the empanelment process. (Trial Tr. at 84-86). In addition, the state court took several safeguards to ensure that the jurors understood that deliberations would only occur at the end of trial. For example, the court informed the jury that the defendant in a criminal case has no burden whatsoever and does not have to prove that he is innocent of a crime. (*Id.* at 96). Also, the court informed the prospective jurors that if they were chosen as jurors it would be their job to assess the credibility of the witnesses at the end of the trial. (*Id.* at 101). The trial court thus repeatedly informed the jurors that their responsibility to deliberate would attach at the end of the trial. Petitioner's first claim therefore provides no basis for relief.

3

### 2. Insufficient Evidence To Support Petitioner's Conviction

In his second objection, Petitioner contends that there was insufficient evidence to prove Petitioner's guilt beyond a reasonable doubt. (Pet.'s Obj. at 12). A habeas petitioner "bears a very heavy burden" when challenging the sufficiency of the evidence for his conviction. *Einaugler v. Supreme Court of N.Y.*, 109 F.3d 836, 840 (2d Cir. 1997). Petitioner is only entitled to habeas relief on this ground if no reasonable trier of fact could have found every element of the crime beyond a reasonable doubt. *Policano v. Herbert*, 507 F.3d 111, 115-16 (2d Cir. 2007).

Here, Petitioner states that there is no evidence that linked him to the gun found in the vicinity where he was arrested, and that he did not match the physical description of the assailant given to the police prior to his arrest. (*Id.* at 14). Petitioner also asserts that he was identified by the victims while handcuffed, which was unduly suggestive and in violation of Petitioner's rights. (Pet.'s Obj. at 13).

As noted by Magistrate Judge Fox, although it is true that Petitioner's clothing did not exactly match the description of the assailant provided to the police, Petitioner "ignores other evidence in the trial record upon which the jury could have relied reasonably in returning a verdict of guilty against him." (Report at 11). Indeed, both victims viewed Petitioner for two to four minutes during the robbery and made positive identifications of Petitioner as the assailant immediately following his arrest. (Trial Tr. 293). Similarly, when the police arrested Petitioner, they recovered a weapon from the vicinity. (*Id.* at 15-22). The victims later identified this weapon as the one used in the robbery. (*Id.* at 309-310, 510). While there may not have been physical evidence linking Petitioner to the weapon, the facts permit a rational juror to conclude that it was his.

Under these facts, Petitioner has not met his burden of showing that no reasonable trier of fact could have found every element of the crime beyond a reasonable doubt. Accordingly, the Court finds no clear error in these findings, and this portion of the Report is adopted.

4

III. CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety and the Petition is denied. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, see 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as Petitioner's claims lack any arguable basis in law or fact, permission to proceed in forma pauperis on appeal is also denied. 28 U.S.C. § 1915(e)(2); see also In re Seimon, 421 F.3d 167, 169 (2d Cir. 2005). The Clerk of the Court is respectfully directed to enter judgment in favor of Respondent and to close this case.

SO ORDERED.

_____
RICHARD J. SULLIVAN
United States District Judge

Dated: September 29, 2009
      New York, New York

\*\*\*

Petitioner is appearing in this matter on a *pro se* basis. Respondent is represented by Luke Martland, New York State Office of the Attorney General, 120 Broadway, New York, New York 10271.